IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| REIDIE JACKSON #01164177 | § | |
| v. | § | CIVIL ACTION NO. 5:24cv20 |
| BOBBY LUMPKIN, ET AL. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The Plaintiff Reidie Jackson, a prisoner currently confined in the Texas Department of Criminal Justice - Correctional Institutions Division, filed this civil action in the form of a petition for the writ of habeas corpus. The petition was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

In his petition, Plaintiff challenged the conditions of confinement at the Telford Unit, complaining of understaffing and the implementation of Covid-19 protocols, which he says resulted in denial of recreation and showers, provision of cold sack meals for the majority of meals, and the failure to process grievances.

On October 17, 2023, the Court issued a Report recommending that the civil rights aspects of Plaintiff's petition be severed into a separate civil rights lawsuit. *See* Case No. 5:21cv149. Plaintiff filed objections, but these were overruled. The habeas petition was dismissed on February 6, 2024, and his claim's civil rights portions were severed into the present lawsuit.

Plaintiff signed his original petition on December 6, 2021. There are two amended complaints in the present case, of which the first was signed on January 27, 2022, and the second was signed on June 27, 2022.

1

In his first amended complaint, Plaintiff states that he was convicted under a contract which required him to make performance of his 42-year sentence for aggravated robbery. Dkt. No. 4 at 6. He contended that this contract also provided that no punishments could be added to this sentence and that the prison officials have a duty to maintain and oversee the lawful performance of the sentence.

According to Plaintiff, prison officials violated this contract by disallowing the lawful retrieval of his grievances between December 2020 and March 2021, using unconstitutional excessive force upon him, restricting recreation and showers in the restrictive housing area, suspending the rules regarding property, providing sack meals over the course of a year, with only occasional hot meals some four to ten times a month, denying access to court, and suspending the provision of health care.

On March 21, 2021, Plaintiff stated that he was dry gassed by a prison employee named Paige Temple. He says there was a severe lack of staff at the Telford Unit, which amounts to an unconstitutional restraint. Plaintiff complains that between December 7, 2020, and January 26, 2022, he was afforded the opportunity to recreate fewer than 65 times, even though inmates in restrictive housing are supposed to be able to recreate for an hour a day. On December 11, 2021, he contends that a five-man extraction team was put together for the purpose of causing him unnecessary pain and suffering. He states that he was knocked unconscious, his hands restrained behind his back using handcuffs paid for by taxpayers, forced out of his cell, and all of his personal and legal property taken without his permission. The prison officials did not retrieve grievances from December 2020 until March 2021.

In his second amended complaint (Dkt. No. 5), Plaintiff appears to complain that good time and work time have been forfeited, which he says violates his contract with the trial court concerning his sentence.  He points to a timesheet dated April 20, 2022, showing that he lost 817 days of good time and 318 days of work time. Plaintiff complains again about the December 11, 2021, use of force and states that in April of 2022, he was transferred, apparently to Potter County, based

upon fraudulent bench warrants. He also refers to the alleged failure to retrieve or investigate his grievances.

## II. Discussion

Court records show that the Plaintiff Reidie Jackson has filed at least three lawsuits or appeals which were dismissed as frivolous or for failure to state a claim upon which relief may be granted. *Jackson v. Cruz*, 852 F.App'x 114, 115 (5th Cir. 2021).

Title 28 U.S.C. §1915(g) was added by Act of Congress on April 26, 1996, as part of the Prison Litigation Reform Act. The statute provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Because Plaintiff has three strikes and thus falls under the Act, he cannot proceed under the *in forma pauperis* statute unless he shows that he was in imminent danger of serious physical injury as of the date of the filing of the lawsuit. *See Baños v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998). This imminent danger must relate to the allegations of the complaint. *Judd v. Federal Elections Commission*, 311 F.App'x 730, 731 (5th Cir. 2009).

In order to meet the imminent danger requirement of §1915(g), the threat must be "real and proximate." *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Allegations of past harm do not suffice; the harm must be imminent or occurring at the time that the complaint or notice of appeal is filed, and the exception refers to "a genuine emergency" where "time is pressing." *Heimerman v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003). In passing the statute, Congress intended a safety valve to prevent impending harms, not those which had already occurred. *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3rd Cir. 2001). In that case, the Third Circuit rejected a claim that allegations of having been sprayed with pepper spray, combined with a claim that prison officials engaged in "continuing harassment, plots to hurt or kill him, and other forms of retaliation," sufficiently alleged imminent danger.

In this case, Plaintiff does not allege imminent danger related to the allegations of the complaint; on the contrary, his allegations concern past harm rather than imminent danger. As such, they are insufficient to invoke the imminent danger exception to §1915(g). *Floyd v. Lumpkin*, slip op. no. 22-40693, 2023 U.S. App. LEXIS 2994 at *1, 2023 WL 1793874 (5th Cir. 2023) (*citing Baños*, 144 F.3d 883, 884-85).

Because Plaintiff did not pay the filing fee or show imminent danger of serious physical injury, his lawsuit should be dismissed under 28 U.S.C. §1915(g). However, Plaintiff should be allowed a reasonable period of time to pay the filing fee and proceed with his lawsuit should he choose to do so. *See, e.g.*, *Grayer v. Couey*, 839 F.App'x 925, 926 (5th Cir. 2021) (dismissing appeal as barred by §1915(g) and giving the appellant 15 days in which to pay the full appellate filing fee if he wished to reinstate the appeal).

## RECOMMENDATION

It is accordingly recommended that the Plaintiff be denied *in forma pauperis* status and that the above-styled civil rights lawsuit be dismissed with prejudice as to the refiling of another *in forma pauperis* lawsuit raising the same claims as herein presented, but without prejudice to the refiling of this lawsuit upon payment of the full $405.00 filing fee or proof of imminent danger related to the allegations of the complaint. It is further recommended that should Plaintiff pay the full filing fee within 15 days after the date of entry of dismissal, he be allowed to proceed in this lawsuit as though the full fee had been paid from the outset.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is

found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017).

SIGNED this the 26th day of February, 2024.

_____
J. Boone Baxter
UNITED STATES MAGISTRATE JUDGE